# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BETHANY GILL,** | : |
| 5285 Fairfield Beach Rd. | :  Case No.: 2:21-cv-351 |
| Thornville, OH 43076 | : |
| | :  JUDGE |
| vs. | : |
| | :  MAGISTRATE JUDGE |
| **BUCKEYE LAKE WINERY, INC.** | : |
| c/o Statutory Agent | :  **Jury Demand Endorsed Hereon** |
| Tracy Higginbotham | : |
| 5941 Bayside Ridge Drive | : |
| Galena, OH 43021 | : |
| | : |
| **Defendant.** | |

## COMPLAINT

NOW COMES Plaintiff Bethany Gill ("Plaintiff") and proffers this Complaint for damages against Buckeye Lake Winery, Inc. ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111") and the Ohio Constitution, Article II, Section 34a.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 28 U.S.C. § 1332, which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio, and Defendant is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Bethany Gill is an individual, a United States citizen, and a resident of the state of Ohio. Plaintiff Douglas resides in Fairfield County, Ohio.

6. At all times relevant herein, Plaintiff was an employee of Defendant as that term is defined in the FLSA, O.R.C. § 4111, and the Ohio Constitution.

7. Defendant Buckeye Lake Winery is a corporation for profit conducting business in Fairfield County in the Southern District of Ohio.

8. At all times relevant herein, Defendant was an employer as that term is defined in the FLSA, O.R.C. § 4111, and the Ohio Constitution.

9. At all times relevant to this action, Defendant was engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

10. Upon information and belief, Defendant's employees were engaged in interstate commerce and Defendant has an annual gross volume of sales and/or business in an amount not less than $500,000.00.

## FACTUAL BACKGROUND

11. Defendant is a restaurant, winery, and event space located in Thornville, Ohio.

12. Defendant employs servers, cooks, bartenders, chefs, sous chefs, food runners, and other similar positions to carry out its services.

2

13. Plaintiff Gill was hired as a Line Cook in or around June 2018. Plaintiff Gill was paid an hourly rate of $9.50 in this position.

14. In or around May 2019, Plaintiff Gill was promoted to Sous Chef. In this position, Plaintiff Gill was responsible for food prep, cooking, ingredient and food ordering, back of house operations, and assisting in creating the work schedule for back of house employees, among other things.

15. Beginning in approximately June 2019, Plaintiff Gill was paid a bi-weekly salary of $846.15 in the Sous Chef position. Plaintiff Gill's salary was equal to approximately $423.07 weekly. Plaintiff received this salary until the end of her employment in or around December 2019.

16. Defendant's business is busiest in the summer season from approximately April until September.

17. From May 2019 to September 2019, Plaintiff Gill worked approximately sixty (60) hours per week.

18. Plaintiff Gill regularly worked more than forty (40) hours per week.

19. Plaintiff Gill clocked in and out to track her time worked throughout her employment in the Sous Chef position.

20. Plaintiff Gill's weekly salary fell below the minimum salary threshold.

21. Plaintiff Gill was not compensated at a rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) in a workweek.

22. Due to the number of hours she worked each week, Plaintiff Gill's hourly rate, at times, fell below the minimum wage rate in year 2019.

23. During her employment, Plaintiff Gill complained about her salary to Defendant's Owner Tracy Higginbotham and General Manager Chris Riley.

24. Mr. Higginbotham and Mr. Riley responded that they would discuss increasing her salary. However, Plaintiff Gill never received any increase to her salary in the Sous Chef position.

25. Plaintiff Gill's employment with Defendant ended in or around December 2019.

## FIRST CAUSE OF ACTION
### (FLSA 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime)

26. All of the preceding paragraphs are realleged as if fully rewritten herein.

27. Plaintiff was an employee of Defendant within the previous three years of the filing of this Complaint.

28. Plaintiff was not exempt from the overtime requirements of the FLSA.

29. Plaintiff was paid on a salary basis that fell below the minimum salary threshold.

30. Plaintiff was not paid an overtime premium for all hours worked in excess of 40 in a workweek at her regular rate of pay.

31. Defendant was aware that Plaintiff worked more than 40 hours per week but did not receive overtime compensation at a rate of one and one-half times her regular rate of pay for hours worked in excess of 40 per week.

32. Defendant knew of the overtime payment requirement of the FLSA and that Plaintiff was entitled to overtime compensation for all hours worked per week in excess of 40.

33. Defendant's refusal to properly compensate Plaintiff as required by the FLSA was willful.

34. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continue to suffer damages and is entitled to recover unpaid wages, liquidated damages, interest, attorneys' fees and costs, and all other remedies available under the FLSA.

## SECOND CAUSE OF ACTION
### (OMFWSA, R.C. 4111.03, *et seq.* – Failure to pay Overtime)

35. All of the preceding paragraphs are realleged as if fully rewritten herein.

36. Defendant has violated the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, Chapter 4111 *et seq.*, by not paying Plaintiff overtime compensation for all hours worked per workweek in excess of 40.

37. Defendant's knowing failure to properly pay Plaintiff is a violation of Section 4111.03 of the Ohio Revised Code.

38. For Defendant's violation of Section 4111.03, Plaintiff is entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## THIRD CAUSE OF ACTION
### (FLSA 29 U.S.C. §201, *et seq*. - Failure to Pay Minimum Wage)

39. All of the preceding paragraphs are realleged as if fully rewritten herein.

40. Defendant violated the FLSA, 29 U.S.C. § 206(a) by not paying Plaintiff minimum wage for all hours worked.

41. Defendant knew or should have known of the minimum wage payment requirement by the FLSA.

42. Plaintiff is not exempt from the provisions of the FLSA, and Defendant knew or should have known that Plaintiff was entitled to be paid no less than the minimum wage payment for all hours worked.

43. Defendant knowingly and willfully failed to properly pay Plaintiff when Defendant failed to compensate Plaintiff for all hours worked at the minimum wage rate while she was employed by Defendant.

44. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages and is entitled to recover unpaid wages, interest, attorney's fees and costs, punitive damages, and all other remedies available under the FLSA.

## FOURTH CAUSE OF ACTION
### (Ohio Constitution §34a/OMFWSA R.C. 4111.02 - Failure to Pay Minimum Wage)

45. All of the preceding paragraphs are realleged as if fully rewritten herein.

46. Defendant has violated the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, Section 4111 *et seq.* and Section 34a of the Ohio Constitution by not paying Plaintiff the minimum wage for all hours worked.

47. Defendant's knowing failure to properly pay Plaintiff was a violation of Chapter 4111 and Section 34a of the Ohio Constitution.

48. For Defendant's violation of O.R.C. 4111 and Section 34a of the Ohio Constitution, Plaintiff is entitled to recover unpaid wages, an additional two times the amount of the unpaid wages, attorneys' fees and costs, and all other remedies available under Ohio law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff is entitled to and prays for the following relief:

A. A declaratory judgment that Defendant's practices complained of herein are unlawful under the FLSA and Ohio law;

B. An injunction against Defendant from engaging in each of the unlawful practices, policies, and patterns set forth herein;

C. An award of monetary damages, including unpaid minimum wages and unpaid overtime wages due under the FLSA, OMFWSA, and the Ohio Constitution Art. II, Section 34a;

6

D. An award of liquidated damages and/or treble damages as a result of Defendant's failure to pay overtime and minimum wage compensation pursuant to the FLSA, OMFWSA, and the Ohio Constitution Art. II, Section 34a;

E. An award of prejudgment and post judgment interest;

F. An award of costs and expenses of this action with reasonable attorneys' fees and expert fees;

G. Such other legal and equitable relief as this Court deems appropriate, but in any event, not less than $75,000.00.

Respectfully submitted,

/s/ *Kyle T. Anderson*
Greg R. Mansell (0085197)
(Greg@MansellLawLLC.com)
Carrie J. Dyer (0090539)
(Carrie@MansellLawLLC.com)
Kyle T. Anderson (0097806)
(Kyle@MansellLawLLC.com)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-610-4134
Fax: 614-547-3614
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs hereby requests a jury of at least eight (8) person

/s/ *Kyle T. Anderson*
Kyle T. Anderson (0097806)